agustinadoptplea

LEONARDO M. RAPADAS
United States Attorney
RYAN M. ANDERSON
Special Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes
Hagåtña, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334/7215

Attorneys for United States of America



FILED
DISTRICT COURT OF GUAM

OCT 25 2007

JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RUDY AGUSTIN JR., <br><br> Defendant. | CRIMINAL CASE NO. 07-00079 <br><br> GOVERNMENT'S STATEMENT ADOPTING FINDINGS OF PRESENTENCE REPORT |

Pursuant to General Order 88-1, as amended by General Orders 93-00006 and 98-00002, the United States adopts the findings of the Presentence Report ("PSR") for the above defendant with the following exceptions:

Paragraph 22. U.S.S.G. § 2D1.1(b)(9) reads that if the defendant meets the criteria set forth in subdivisions (1)-(5) of subsection (a) of § 5C1.2, decrease by 2 levels. U.S.S.G. § 5C1.2 is titled Limitation on Applicability of Statutory Minimum Sentences in Certain Cases. Contrary to its title, the Ninth Circuit held that the 2-point reduction under U.S.S.G. § 5C1.2 is also available to criminal defendants regardless of whether their offense carries a mandatory minimum. United States v. Feingold, 454 F.3d 1001, 1014 (9th Cir. 2006). Therefore, the two

level reduction referenced in U.S.S.G. § 2D1.1(b)(9) will apply in this case if the Court determines that the defendant has met all five criterion in U.S.S.G. § 5C1.2(a).

The United States concedes that the defendant in this case does meet criterion (1) through (4) of U.S.S.G. § 5C1.2(a). However, the United States objects to the application of U.S.S.G. § 2D1.1(b)(9) in this case based of the fact that the defendant has not met the criteria set forth in U.S.S.G. § 5C1.2(a)(5). U.S.S.G. § 5C1.2(a)(5) reads that not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

A defendant in a criminal case has an absolute right against self-incrimination. However, if the defendant chooses to disclose the information contemplated in U.S.S.G. § 5C1.2(a)(5), the defendant may be afforded a 2-level decrease in his total offense level. The defendant in this case was afforded an opportunity to provide law enforcement with the information contemplated in U.S.S.G. § 5C1.2(a)(5) at the time of arrest. The defendant was also afforded the opportunity to provide the information contemplated in U.S.S.G. § 5C1.2(a)(5) while this case has been pending. The defendant has, at no time during these proceedings, met with law enforcement to truthfully disclose the information contemplated in U.S.S.G. § 5C1.2(a)(5). The defendant has never debriefed with the Government regarding the charges to which he pleaded guilty. The defendant pleaded guilty without the protections of a plea agreement. Paragraph 18 of the Pre-Sentence Investigation Report bolsters the United State's argument by referencing that the defendant indicated that he did not provide assistance to investigating authorities about his source of supply because he is worried about the safety of his family from retaliation.

The second portion of U.S.S.G. § 5C1.2(a)(5) does allow the Court to determine that the defendant has complied with the section's requirements if the defendant has no relevant or useful other information to provide or that the Government is already aware of the information. The United States is aware of the fact that the defendant distributed methamphetamine on three different occasions to an undercover informant. However, the United States is not aware of other information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, including but not limited to, the source of his supply, the manner in which he concealed and transported controlled substances onboard U.S. Naval Base Guam, and the names of other individuals affiliated with the U.S. Navy that the defendant distributed controlled substances to during his criminal enterprise. The United States argues that this information is exactly the type of information contemplated in U.S.S.G. § 5C1.2(a)(5). If the information contemplated in U.S.S.G. § 5C1.2(a)(5) were simply that information required for the United States to establish a *prima facie* case beyond a reasonable doubt, the section would have no advisory effect and the Court would have to rule that every criminal defendant complies with its requirements by simply pleading guilty or being adjudged guilty.

The defendant in this case has not truthfully provided to the United States all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. In fact, the defendant has chosen not to provide any information to law enforcement. Whether the defendant provides this information to the United States is a decision only he can make, but if he does not provide this information he should not benefit from the provisions of U.S.S.G. § 2D1.1(b)(9). The United States moves the Court to rule that the defendant in this case has not met the requirements of U.S.S.G. § 2D1.1(b)(9) and moves the Court to re-calculate the defendant's total offense level to 10. If the defendant truthfully provides all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan

-3-

Case 1:07-cr-00079 Document 16 Filed 10/25/2007 Page 3 of 4

by the time of sentencing, then this objection to the Pre-sentence Investigation Report will be moot.

Paragraph 79. Based on the Court's ruling to the United State's objection to Paragraph 22, this paragraph may need to be changed to Read: Based on a Total Offense Level of Ten and a Criminal History Category of I, the guideline imprisonment range is six to twelve months.

Paragraph 82. Based on the Court's ruling to the United State's objection to Paragraph 22, this paragraph may need to be changed to remove any language referencing exemption from the applicable statutory minimum term of supervised release.

Paragraph 86. Based on the Court's ruling to the United State's objection to Paragraph 22, this paragraph may need to be changed to reflect a fine range of $2,000 to $20,000 for a Total Offense Level of Ten.

Paragraph 89. The special assessment fee in this case is $100, vice $200. Count II in this case is a forfeiture allegation, not a substantive criminal offense.

RESPECTFULLY SUBMITTED this _25th_ day of October, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the CNMI

By: _/s/ Ryan M. Anderson_
RYAN M. ANDERSON
Special Assistant U.S. Attorney